Michael Wayne BOHANNAN, Appellant,

v.

TEXAS BOARD OF CRIMINAL JUS-TICE and Texas Department of Criminal Justice, Appellees.

No. 03–95–00447–CV.

Court of Appeals of Texas, Austin.

March 6, 1997.

Rehearing Overruled April 24, 1997.

**114**

Michael Bohannan, Beaumont, for Appellant.

Dan Morales, Attorney General, Portia Fleck Bosse, Assistant Attorney General, Law Enforcement Defense Division, Austin, for Appellees.

Before POWERS, JONES and B.A. SMITH, JJ.

PER CURIAM.

Appellant Michael Wayne Bohannan challenges the trial court's dismissal of his suit against appellees Texas Board of Criminal Justice and the Texas Department of Criminal Justice (collectively "the State") as frivolous. *See* Tex.Civ.Prac. & Rem.Code Ann. § 13.001 (West Supp.1997). We will affirm in part and reverse and remand in part the trial-court order.

## THE CONTROVERSY

Bohannan is an inmate who had accrued good conduct time while incarcerated. He was released on mandatory supervision, which was later revoked. He filed the instant suit claiming to have been adversely affected by the Board's September 17, 1993, policy directing that the Department cease the restoration of good conduct time after the revocation of mandatory supervision. Bohannan's petition alleged that (1) under former Texas Government Code section 498.005, the Board exceeded its statutory authority by ordering the Department to cease the restoration of good conduct time in the absence of a finding that prison crowding had decreased; (2) the Board's acts in developing the policy were procedurally defective; (3) he had a vested property right to the restoration of good conduct time; and (4) the policy was retroactively applied to him. The trial court granted the State's motion for dismissal of the cause under section 13.001.

## STANDARD OF REVIEW OF A SECTION 13.001 DISMISSAL

Section 13.001(b) provides that the court can dismiss as frivolous or malicious a cause in which an affidavit of inability to pay court costs has been filed if:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

Tex.Civ.Prac. & Rem.Code Ann. § 13.001(b) (West Supp.1997). However, the Texas Supreme Court's decision in *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990), discouraged reliance on either the first or third alternative to dismiss a suit. Practically speaking, the trial court is limited to the issue whether the claim has an arguable basis in fact or law. Since no evidentiary hearing was held in the present case, we will consider whether the dismissal was proper because the claim had no arguable basis in law. *See McDonald v. Houston Dairy*, 813 S.W.2d 238, 239 (Tex.App.—Houston [1st Dist.] 1991, no writ) (trial court may need to hold evidentiary hearing to dismiss on the basis of no arguable basis in fact).

 The standard of review of a section 13.001 dismissal is whether the trial court abused its discretion. *Thomas v. Holder*, 836 S.W.2d 351, 352 (Tex.App.—Tyler 1992, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether the act was arbitrary and unreasonable. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex.1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A clear failure by a trial court to analyze or apply the law correctly is an abuse of discretion. *McDaniel*, 898 S.W.2d at 253; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Under section 13.001, a trial court abuses its discretion if it dismisses a case that has an arguable basis in fact or law. *Hector v. Thaler*, 862 S.W.2d 176, 179 (Tex. App.—Houston [1st Dist.] 1993, no writ).

Further, we adopt the United States Supreme Court's holding in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), that a cause is not necessarily frivolous simply because it is resolved against the plaintiff. In *Neitzke*, the Supreme Court considered whether a petition that failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) was automatically a frivolous claim under the federal *in forma pauperis* statute, Title 28 U.S.C.A. section 1915(d).[1] Title 28 U.S.C.A.

---

1. Section 1915(d) provides that in *in forma pauperis* actions, "The court ... may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *Id.* Although the statute does not specifically state that the court may dismiss a cause

§ 1915(d) (West 1994). The Court noted that under rule 12(b)(6), the trial court must dismiss a cause if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327, 109 S.Ct. at 1832. Conversely, under the *in forma pauperis* statute, judges have the authority to dismiss a claim based on an "indisputably meritless legal theory," and the "unusual power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless." The Court concluded, "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.* at 328, 109 S.Ct. at 1833; *see also Eason v. Thaler*, 14 F.3d 8, 9–10 (5th Cir.1994) (must reverse dismissal because cause neither "pure fantasy" nor based on "legally inarguable" proposition).

The *Neitzke* court rejected the argument that the difference between dismissing a cause as frivolous under the *in forma pauperis* statute and disposing of it by any other method is superficial. The Court compared the procedural protections the federal system affords a plaintiff who pays the statutory court costs with the lack of procedural protections it affords an indigent plaintiff:[2]

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action. This adversarial process

also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the cause. By contrast, the *sua sponte* dismissals permitted by, and frequently employed under, § 1915(d), necessary though they may sometimes be to shield defendants from vexatious lawsuits, involve no such procedural protections. . . .

> According opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed pro se and therefore may be less capable of formulating legally competent initial pleadings.

*Neitzke,* 490 U.S. at 329–30, 109 S.Ct. at 1834 (citations omitted).

■ Texas law is analogous. A trial court may dismiss a cause *sua sponte* under section 13.001 even before process is served. Tex.Civ.Prac. & Rem.Code § 13.001(c) (West Supp.1997). Therefore, Texas courts hold that the plaintiff who files an affidavit of inability to pay has no right to notice of a motion to dismiss or to an opportunity to amend. *See Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex.App.—Tyler 1996, writ denied); *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex.App.— Houston [14th Dist.] 1990, no writ); *Johnson v. Peterson*, 799 S.W.2d 345, 346–47 (Tex. App.—Houston [14th Dist.] 1990, no writ).

■ The procedure for disposing of a claim subject to section 13.001 contrasts sharply with that for disposing of any other claim. In cases in which the plaintiff is able to pay court costs, the defendant must file special exceptions before asking for judgment on the pleadings, unless the plaintiff has affirmatively pleaded himself out of court. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974); *see also In re B.I.V.*, 870 S.W.2d 12, 13–14 (Tex.1994).

*sua sponte* even before issuance of process, the statute is interpreted as allowing such dismissals. *See Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

2. Statutory court costs are generally set at a small, flat fee and do not cover the true costs of litigating in state courts. *See* John Leubsdorf, *Constitutional Civil Procedure,* 63 Tex.L.Rev. 579, 633 (1984).

Holding that section 13.001 dismissals are limited to causes that are indisputably meritless achieves a degree of parity between plaintiffs who can afford to pay court costs and those who cannot. Further, it insures that the arguments and the record are fully developed in the trial court. We will review this cause to determine whether Bohannan's claims are indisputably meritless.

## APPLICATION OF LAW TO FACTS

*Statutory Right to Declaratory Relief*

 By point of error one, Bohannan complains that the trial court erred in dismissing his statutory claim for declaratory relief as frivolous. We disagree. In his original petition, Bohannan relied on Texas Government Code section 2001.038 for statutory authority to challenge the policy. Tex. Gov't Code Ann. § 2001.038 (West 1997). Section 2001.038, which is part of the Administrative Procedure Act, provides that the validity or applicability of a rule may be determined in an action for declaratory judgment if the plaintiff alleges that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, the plaintiff's legal rights or privileges.

But Texas Government Code section 2001.226 provides that the Administrative Procedure Act does not apply to a "rule or internal procedure of the Texas Board of Criminal Justice that applies to any inmate or any other person under the custody or control of the department or to an action taken under that rule or procedure." The original version of section 2001.226 was effective September 1, 1993. *See* Act of June 16, 1993, 73d Leg., R.S., ch. 988, § 9.01, 1993 Tex. Gen. Laws 4274, 4305. This provision effectively precludes Bohannan's challenge to the substance of the rule under section 2001.038 and whatever procedural defects may have occurred under the APA.

Bohannan's supplemental petition also alleged a cause of action under section 37.004 of the Declaratory Judgments Act, which states that a person whose "rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." Tex.Civ.Prac. & Rem.Code § 37.004 (West 1986). His position is that he seeks a declaration of his rights, status or legal relations under former Texas Government Code section 498.005, which provided that the Board must consider inmate overcrowding in its review of the Department's rules regarding the restoration of good conduct time.

Bohannan may not seek to do indirectly what he cannot do directly. The obvious intent of section 2001.226 is to preclude a challenge to a rule of the Texas Board of Criminal Justice. Bohannan may not sidestep the section 2001.226 prohibition by casting his challenge to the rule as a request for a declaration of his rights under former section 498.005. *See W.D. Haden Co. v. Dodgen*, 158 Tex. 74, 308 S.W.2d 838, 840 (1958) (sovereign immunity bars contract action disguised as declaratory judgment). Bohannan's declaratory judgment cause of action is clearly precluded by statute and is therefore frivolous.

*Improper Procedure*

 Also under point one, Bohannan complains that the Board failed to give adequate notice of its intent to promulgate rules regarding the restoration of good conduct time and that the challenged policy was "promulgated pursuant to improper procedures." On appeal, Bohannan claims that the Board did not comply with the notice provisions of the Open Meetings Act when it implemented its policy. *See* Tex. Gov't Code Ann. §§ 551.001–.146 (West 1994 & Supp.1997). We conclude that Bohannan is precluded from raising this point on appeal since he did not raise it in the trial court.

In his trial-court petition, Bohannan pled, "The new policy implementing Section 498.004(b) of the Government code was promulgated pursuant to improper procedures." The petition did not explicitly mention the Open Meetings Act. The Open Meetings Act claim and its remedies exist only pursuant to statute. The mere allegation that "improper procedures" occurred would not put the trial court on notice that the plaintiff intended to raise such a claim.

Moreover, the Open Meetings Act is not a part of the procedure by which an agency must generally promulgate its rules. *See* Tex. Gov't Code Ann. §§ 2001.021–.038 (West 1997) (statute requiring notice and opportunity to be heard before rules are promulgated). The procedures with which an agency is explicitly required to comply when promulgating a rule are the notice and hearing provisions of the APA, from which the Department is exempt. We hold that Bohannan may not raise an Open Meetings Act claim on appeal because his petition did not raise such a claim.

*Vested Property Rights and Administrative Authority*

■■■ Bohannan also raises two claims based on his interpretation of former Texas Government Code sections 498.005 and 498.004. First, he claims that his right to the restoration of good conduct time credits was "taken, without prior notice and hearing, and therefore in violation of the due process guarantee of the 14th amendment to the U.S. Constitution and Article I Sections 17 and 19 of the Constitution of the State of Texas." U.S. Const. amend. V, XIV; Tex. Const. art. I §§ 17, 19. Bohannan claims that former section 498.005 created a property right in the restoration of good conduct time until prison overcrowding decreases.

■■■ Sovereign immunity does not prevent the assertion of a claim alleging that the state deprived the plaintiff of property without due process of law. *See, e.g., Stone v. Texas Liquor Control Bd.,* 417 S.W.2d 385, 385–86 (Tex.1967); *Chemical Bank & Trust Co. v. Falkner,* 369 S.W.2d 427, 433 (Tex. 1963); *Brazosport Savs. & Loan Ass'n v. American Savs. & Loan Ass'n,* 161 Tex. 543, 342 S.W.2d 747, 750–52 (1961); *Davis v. City of Lubbock,* 160 Tex. 38, 326 S.W.2d 699, 715 (1959); *Board of Ins. Commr's v. Title Ins. Ass'n of Tex.,* 153 Tex. 574, 272 S.W.2d 95, 97–98 (1954); *City of Amarillo v. Hancock,* 150 Tex. 231, 239 S.W.2d 788, 791–92 (1951); *Martine v. Board of Regents,* 578 S.W.2d 465, 472 (Tex.Civ.App.—Tyler 1979, no writ). The Bill of Rights protects a citizen from the state's excesses. Just as the state may not assert sovereign immunity to avoid a claim that property was taken without compensa-

tion, *Steele v. City of Houston,* 603 S.W.2d 786, 791 (Tex.1980), the state may not assert sovereign immunity to avoid a claim that it took property without due process of law. Although there is no cause of action for damages, a plaintiff whose constitutional rights have been violated may sue for equitable relief. *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 150 (Tex.1995); *Alcorn v. Vaksman,* 877 S.W.2d 390, 404 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Courtney v. University of Tex.,* 806 S.W.2d 277, 283–85 (Tex.App.—Fort Worth 1991, writ denied); *Jones v. Memorial Hosp. Sys.,* 677 S.W.2d 221, 225–26 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Martine,* 578 S.W.2d at 470. What Bohannan seeks is an adjudication whether the Board's acts were unconstitutional and equitable relief. *Bouillion,* 896 S.W.2d at 149.

■■■ A statute creates a property interest if it places a substantive limitation on official discretion to deny a particular interest. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 462, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989). A grant of unfettered discretion, as demonstrated by the absence of standards or mandatory prerequisites, does not give rise to an entitlement. *Id.; Connecticut Bd. of Pardons v. Dumschat,* 452 U.S. 458, 461, 101 S.Ct. 2460, 2462–63, 69 L.Ed.2d 158 (1981). Conversely, a specific directive to the decisionmaker that a particular outcome must follow if the substantive predicates are present creates a liberty interest. *Thompson,* 490 U.S. at 463, 109 S.Ct. at 1910. Mandatory language stating that a prisoner shall be released on parole unless certain enumerated factors are found to be present creates a presumption, and therefore, an expectation of release. *Board of Pardons v. Allen,* 482 U.S. 369, 378, 107 S.Ct. 2415, 2420–21, 96 L.Ed.2d 303 (1987).

Bohannan's statutory argument is that (1) the legislature vested the Department with the discretion to restore good conduct time credits in former section 498.004(b), and (2) under former section 498.005, the Board could order the Department to cease the restoration of good conduct time credits *only*

if it found that overcrowding had decreased.[3] Bohannan claims that at the meeting during which the Board established the new policy, it expressly found that overcrowding had not decreased. Minutes from the meeting were not introduced into evidence.[4]

In *Ex parte Montgomery*, 894 S.W.2d 324 (Tex.Crim.App.1995), an inmate challenged a similar policy, the Board's decision not to restore good conduct time credits to inmates who lost their good conduct time for disciplinary violations. The Court of Criminal Appeals concluded that the inmate did not have a vested property interest in the restoration of good conduct time. However, the *Ex parte Montgomery* court did not consider the question whether the Board could order the Department to cease the restoration of good conduct time credits in the absence of a finding that overcrowding had decreased.

Without deciding the merits, we conclude that Bohannan's claim that section 498.005 created a vested property interest is not indisputably meritless. *Ex parte Montgomery* is not dispositive, nor has any other court expressly considered whether the Board must find that overcrowding had decreased before it could order the Department to cease the restoration of good conduct time

credits. We sustain point of error one with regard to Bohannan's claim that the state deprived him of vested property rights and overrule it in all other regards.

■ Also, by point of error two, Bohannan complains that a dismissal on the basis of sovereign immunity is improper because a suit alleging that the Board acted outside its authority is not a "suit against the state" precluded by immunity. *Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc.*, 372 S.W.2d 525, 530 (Tex.1963); *Bullock v. Marathon Oil Co.*, 798 S.W.2d 353, 361 (Tex.App.—Austin 1990, no writ); *Public Util. Comm'n v. City of Austin*, 728 S.W.2d 907, 911 (Tex.App.—Austin 1987, writ ref'd n.r.e.). The State's motion to dismiss completely failed to address his argument that the Board was not authorized to act in the absence of a particular finding. Without deciding the merits, we conclude that Bohannan's claim that the Board acted beyond its authority is not "indisputably meritless." His legal construction of the Board's statutory authority under sections 498.004(b) and 498.005 is arguable. Sections 498.004(b) and 498.005 are susceptible of different constructions, and no court has expressly ruled on the merits of the argument presented. We

---

3. Former Section 498.004(b) provided:

> On the revocation of parole or mandatory supervision of an inmate, the inmate forfeits all good conduct time previously accrued. On return to the institutional division the inmate may accrue new good conduct time for subsequent time served in the division. *The department may restore good conduct time forfeited on a revocation that does not involve a new criminal conviction after the inmate has served at least three months of good behavior in the institutional division, subject to policies established by the division.*

Act of March 21, 1991, 72nd Leg.R.S., ch. 16, § 10.01, 1991 Tex.Gen.Laws 244, 297 (emphasis added).

> Former Section 498.005 provided:
> At least annually, the board shall review the institutional division's rules relating to restoration of good conduct time that has been forfeited, the manner in which inmates are reclassified, and the manner in which additional good conduct time is awarded retroactively to inmates who have been reclassified. *The board shall consider in its review whether the inmate overcrowding in the institutional division has decreased and whether it is necessary for purposes of decreasing overcrowding to classify in-*

> *mates according to Section 498.02*, to restore good conduct time under Section *498.004, or to award additional good conduct time retroactively to inmates who have been reclassified.* If the board determines that overcrowding has decreased and it is not necessary to classify inmates according to Section 498.002(a), it shall order the institutional division to classify inmates according to Section 498.002. *If the board determines that overcrowding has decreased and it is not necessary to restore good conduct time or award additional good conduct time, it shall direct the institutional division to discontinue those practices.*

> *Id.* at 298 (emphasis added).

4. The Department asks us to take judicial notice of the minutes from the September 17, 1993, meeting. It attached uncertified, unverified copies of papers to its appellate brief. There is no indication that the minutes are published or that they are supported by any other indicia of reliability. *See Fetchin v. Meno*, 922 S.W.2d 549, 551–52 (Tex.App.—Austin 1995), *rev'd on other grounds*, 916 S.W.2d 961 (Tex.1996). We may not take judicial notice of the documents, but note that the documents show that the Board found that overcrowding had not decreased.

therefore hold that Bohannan's claim that the Board exceeded its statutory authority is not frivolous. Accordingly, we sustain point of error two.

By points of error three, five, seven, and fourteen, Bohannan complains that the trial court erred in dismissing his cause with prejudice. Texas courts have come to different conclusions regarding the propriety of dismissing with prejudice under section 13.001. *Compare Morris v. Collins,* 881 S.W.2d 138, 139 n. 3 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (trial court erred by ruling on the merits), *with Kendrick v. Lynaugh,* 804 S.W.2d 153, 156 (Tex.App.—Houston [14th Dist.] 1990, no writ) (trial court could dismiss with prejudice without allowing the plaintiff to replead).[5]

We need not decide whether it is appropriate to dismiss with prejudice under section 13.001 in all circumstances because in this case we will affirm as to the declaratory judgment claim under Texas Government Code section 2001.038 and Texas Civil Practice & Remedies Code section 37.004. A more specific pleading could not alter the result with regard to a cause of action under either of those theories, so a dismissal with prejudice as to those claims would be proper even under the *Herring* standard. We overrule points of error three, five, seven and fourteen.

By points of error four and eight through thirteen, Bohannan raises miscellaneous points of error regarding the authority of the state's attorney to represent it, the failure of the trial court to make findings of fact and conclusions of law, and the trial court's dismissal of the cause before he had an opportunity to respond or begin discovery. We need not address these points due to our disposition of the other points of error.

---

**5.** Federal courts of appeals also differ in their approach. The United States Supreme Court's holding in *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), does not clearly state under what circumstances it is appropriate to dismiss with prejudice under the federal *in forma pauperis* statute:

> Because a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same

**CONCLUSION**

We reverse the dismissal as to Bohannan's claim that the Board exceeded its statutory authority and divested him of a vested property right, and sever and remand that portion of the cause to the trial court for proceedings consistent with this opinion. The dismissal is affirmed in all other regards.

allegations. It could, however, have a res judicata effect on frivolousness determinations for future in forma pauperis petitions.... *Therefore, if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the District Court abused its discretion by dismissing the complaint with prejudice or without leave to amend.*

*Id.* at 34, 112 S.Ct. at 1734 (emphasis added).