THOMAS V. COGBURN



NO. 07-97-0360-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 2, 1998



______________________________




DAN THOMAS, APPELLANT



V.



COGBURN, ANDERSON & WAKEMAN, APPELLEES




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 81,323-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before BOYD, C.J., and DODSON and REAVIS, JJ.

 Proceeding pro se and in forma pauperis, appellant Dan Thomas,
an inmate of the Texas Department of Criminal Justice,
Institutional Division (TDCJ-ID), appeals from the dismissal of his
declaratory judgment suit against Vickey Cogburn, a TDCJ-ID
employee. We affirm.

 Appellant filed suit seeking declaratory relief, as well as
actual and punitive damages against Cogburn and two other TDCJ-ID
employees after he was restricted to his cell for seven (7) days
for trafficking and trading with other prisoners in violation of
TDCJ-ID rules. (1) Appellant sought recovery for deprivation of his
constitutional rights under color of law pursuant to 42 U.S.C. §
1983. The trial court dismissed the suit as frivolous under Texas
Civil Practice and Remedies Code section 13.001(b)(2) (Vernon Supp.
1998). By three points of error, appellant contends the trial
court erred: (1) in failing to grant his motion for default
judgment against Cogburn, (2) in denying him due process and due
course of law in failing to provide him with notice and a hearing
on Cogburn's motion to dismiss, and (3) in dismissing his claim as
frivolous under section 13.001(b)(2) of the Civil Practice and
Remedies Code.

 With regard to appellant's first point of error, the record
indicates that Cogburn was served with citation on August 29, 1995,
and that the Attorney General did not file an answer on her behalf
until November 16, 1995. Appellant filed a motion for default
judgment on September 12, 1995, but the record does not show that
appellant complied with the notice requirements of section 39.001
of the Civil Practice and Remedies Code. Because he failed to
comply with the notice requirements of section 39.001, the trial
court did not err in failing to grant appellant's motion for
default judgment. See Tex. Civ. Prac. & Rem. Code Ann. §§ 39.001
& 39.002 (Vernon 1997). Moreover, because the damages sought are
unliquidated, a hearing on the amount of damages was required
before a default judgment could be entered, and no such hearing was
held. See Tex. R. Civ. P. 243. For both the aforementioned
reasons, appellant's first point of error is overruled.

 Turning now to appellant's second and third points of error,
the standard of review of a dismissal under Texas Civil Practice
and Remedies Code Section 13.001 is whether the trial court abused
its discretion. Bohannan v. Texas Bd. of Criminal Justice, 942
S.W.2d 113, 115 (Tex.App.--Austin 1997, writ denied). A trial
court abuses its discretion if it acts arbitrarily or unreasonably,
or without reference to any guiding rules and principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
Under section 13.001 the trial court abuses its discretion if it
dismisses a case that has an arguable basis in law or fact. 
Bohannan, 942 S.W.2d at 115. However, because no evidentiary
hearing was held in the present case, the issue is limited to
whether the claim had any arguable basis in law. Id.; McDonald v.
Houston Dairy, 813 S.W.2d 238, 239 (Tex.App.--Houston [1st Dist.]
1991, no writ).

 Appellant argues that being restricted to his cell for seven
days was a deprivation of his liberty interest in violation of the
Due Process and Due Course of Law Clauses of the federal and Texas
Constitutions. It has been recognized however, that a prisoner's
liberty interest is limited to freedoms from restraint which impose
atypical and significant hardships on the inmate in relation to the
ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472,
115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Due process does not
protect every change in the conditions of confinement having a
substantial adverse impact on an inmate. Sandin, 132 L.Ed.2d at
426. Seven days of segregated confinement in the instant case does
not present a type of atypical, significant deprivation in which
this State has created a protected liberty interest. Sandin, 132
L.Ed.2d at 431. See also Madison v. Parker, 104 F.3d 765 (5th Cir.
1997) (where it was held that state created liberty interests in
inmates are generally limited to statutes and regulations affecting
the quantity of time rather than the quality of time served by the
inmate and that a 30 day cell restriction did not implicate due
process). Because appellant had no liberty interest in not being
restricted to his cell for seven days, neither his due process, nor
his due course of law rights were implicated, and the trial court
correctly ruled that his claim had no arguable basis in law. 
Without an arguable basis in law, appellant was not entitled to an
evidentiary hearing on appellee's motion to dismiss. 

 Moreover, appellant sought a declaratory judgment that the
defendant(s) violated 42 U.S.C. § 1983 by depriving him of his due
process and due course of law rights under both the federal and
Texas Constitutions by subjecting him to seven days confinement in
his cell. In connection with his action for declaratory relief,
appellant sought $1,700.00 in tort damages, however, a declaratory
judgment action is not a proper procedure for the determination of
tort liability. Abor v. Black, 695 S.W.2d 564, 566 (Tex. 1985);
Stein v. First Nat. Bank of Bastrop, 950 S.W.2d 172, 174 (Tex.App.
--Austin 1997, no pet.). As Section 1983 violations are ordinarily
considered torts, appellant's declaratory judgment was an improper
proceeding to establish such liability. Cf. Sylvester v. Watkins,
538 S.W.2d 827, 831 (Tex.App.--Amarillo 1976, writ ref'd n.r.e.)
(where it was held that declaratory relief ordinarily will not be
granted where the cause of action has fully matured and the action
invokes an appropriate present remedy at law). Consequently, the
trial court did not err in finding no arguable basis in law to
support appellant's declaratory judgment action. Points two and
three are overruled.

 Accordingly, the judgment is affirmed.


 Don H. Reavis

 Justice


Do not publish.
1. The suit against the two other TDCJ-ID employees was
dismissed by separate order and appellant has not appealed the
final dismissal as applied to them.