NO. 07-97-0360-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 2, 1998

_____

DAN THOMAS, APPELLANT

V.

COGBURN, ANDERSON & WAKEMAN, APPELLEES

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 81,323-D; HONORABLE DON EMERSON, JUDGE

_____

Before BOYD, C.J., and DODSON and REAVIS, JJ.

Proceeding pro se and in forma pauperis, appellant Dan Thomas, an inmate of the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), appeals from the dismissal of his declaratory judgment suit against Vickey Cogburn, a TDCJ-ID employee. We affirm.

Appellant filed suit seeking declaratory relief, as well as actual and punitive damages against Cogburn and two other TDCJ-ID employees after he was restricted to his cell for seven (7) days

for trafficking and trading with other prisoners in violation of TDCJ-ID rules.[1] Appellant sought recovery for deprivation of his constitutional rights under color of law pursuant to 42 U.S.C. § 1983. The trial court dismissed the suit as frivolous under Texas Civil Practice and Remedies Code section 13.001(b)(2) (Vernon Supp. 1998). By three points of error, appellant contends the trial court erred: (1) in failing to grant his motion for default judgment against Cogburn, (2) in denying him due process and due course of law in failing to provide him with notice and a hearing on Cogburn's motion to dismiss, and (3) in dismissing his claim as frivolous under section 13.001(b)(2) of the Civil Practice and Remedies Code.

With regard to appellant's first point of error, the record indicates that Cogburn was served with citation on August 29, 1995, and that the Attorney General did not file an answer on her behalf until November 16, 1995. Appellant filed a motion for default judgment on September 12, 1995, but the record does not show that appellant complied with the notice requirements of section 39.001 of the Civil Practice and Remedies Code. Because he failed to comply with the notice requirements of section 39.001, the trial court did not err in failing to grant appellant's motion for

---

[1] The suit against the two other TDCJ-ID employees was dismissed by separate order and appellant has not appealed the final dismissal as applied to them.

default judgment. See Tex. Civ. Prac. & Rem. Code Ann. §§ 39.001 & 39.002 (Vernon 1997). Moreover, because the damages sought are unliquidated, a hearing on the amount of damages was required before a default judgment could be entered, and no such hearing was held. See Tex. R. Civ. P. 243. For both the aforementioned reasons, appellant's first point of error is overruled.

Turning now to appellant's second and third points of error, the standard of review of a dismissal under Texas Civil Practice and Remedies Code Section 13.001 is whether the trial court abused its discretion. Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d 113, 115 (Tex.App.--Austin 1997, writ denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Under section 13.001 the trial court abuses its discretion if it dismisses a case that has an arguable basis in law or fact. Bohannan, 942 S.W.2d at 115. However, because no evidentiary hearing was held in the present case, the issue is limited to whether the claim had any arguable basis in law. Id.; McDonald v. Houston Dairy, 813 S.W.2d 238, 239 (Tex.App.--Houston [1st Dist.] 1991, no writ).

Appellant argues that being restricted to his cell for seven days was a deprivation of his liberty interest in violation of the

Due Process and Due Course of Law Clauses of the federal and Texas Constitutions. It has been recognized however, that a prisoner's liberty interest is limited to freedoms from restraint which impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Due process does not protect every change in the conditions of confinement having a substantial adverse impact on an inmate. Sandin, 132 L.Ed.2d at 426. Seven days of segregated confinement in the instant case does not present a type of atypical, significant deprivation in which this State has created a protected liberty interest. Sandin, 132 L.Ed.2d at 431. See also Madison v. Parker, 104 F.3d 765 (5th Cir. 1997) (where it was held that state created liberty interests in inmates are generally limited to statutes and regulations affecting the quantity of time rather than the quality of time served by the inmate and that a 30 day cell restriction did not implicate due process). Because appellant had no liberty interest in not being restricted to his cell for seven days, neither his due process, nor his due course of law rights were implicated, and the trial court correctly ruled that his claim had no arguable basis in law. Without an arguable basis in law, appellant was not entitled to an evidentiary hearing on appellee's motion to dismiss.

Moreover, appellant sought a declaratory judgment that the defendant(s) violated 42 U.S.C. § 1983 by depriving him of his due

4

process and due course of law rights under both the federal and Texas Constitutions by subjecting him to seven days confinement in his cell. In connection with his action for declaratory relief, appellant sought $1,700.00 in tort damages, however, a declaratory judgment action is not a proper procedure for the determination of tort liability. Abor v. Black, 695 S.W.2d 564, 566 (Tex. 1985); Stein v. First Nat. Bank of Bastrop, 950 S.W.2d 172, 174 (Tex.App.--Austin 1997, no pet.). As Section 1983 violations are ordinarily considered torts, appellant's declaratory judgment was an improper proceeding to establish such liability. Cf. Sylvester v. Watkins, 538 S.W.2d 827, 831 (Tex.App.--Amarillo 1976, writ ref'd n.r.e.) (where it was held that declaratory relief ordinarily will not be granted where the cause of action has fully matured and the action invokes an appropriate present remedy at law). Consequently, the trial court did not err in finding no arguable basis in law to support appellant's declaratory judgment action. Points two and three are overruled.

Accordingly, the judgment is affirmed.

Don H. Reavis
Justice

Do not publish.

5