TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00200-CV






Carlos Marcos Lavernia, Appellant



v.



Ronald Earle, Chief Prosecutor, Travis County, Texas; 


David Lowery, Managing Editor, Austin American Statesman;


and Elizabeth Watson, Chief of Police, Austin, Texas, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 94-09789, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING 







 Carlos Marcos Lavernia appeals the dismissal of his defamation causes of action
brought in July 1994 against Ronald Earle, David Lowery, and Elizabeth Watson. Lavernia
complains that appellees--in their respective roles as prosecutor, managing editor of the
newspaper, and police chief--conspired to defame him during his 1984 criminal trial. The trial
court dismissed the claims as frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West
Supp. 1999). The dismissal implicitly overruled Lavernia's assertion that he represented a class
as well as his motion for summary judgment favoring his claims. We will affirm the dismissal.

 We review a trial court's dismissal of an indigent's suit for an abuse of discretion. 
Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d 113, 115 (Tex. App. --Austin 1997, writ
denied). The test for abuse of discretion is whether the trial court acted without reference to any
guiding rules and principles or whether the act was arbitrary and unreasonable. McDaniel v.
Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985); Bohannan, 942 S.W.2d at 115. A court may dismiss an
indigent's action upon a finding that the action is frivolous or malicious. Tex. Civ. Prac. & Rem.
Code Ann. § 13.001(a)(2) (West Supp. 1999). In determining whether the action is frivolous or
malicious, the trial court may consider (1) whether the action's realistic chance of ultimate success
is slight or (2) whether the claim has no arguable basis in law or in fact. Id. at § 13.001(b). We
cannot review for an arguable basis in fact if there was no fact hearing. Morris v. Collins, 916
S.W.2d 527, 528 (Tex. App.--Houston [1st Dist.] 1995, no writ).

 The trial court did not abuse its discretion by concluding that Lavernia's defamation
claims were frivolous. A person must bring a suit for libel or slander not later than one year after
the day a cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (West Supp.
1999). A libel or slander claim accrues on the date of the communication or publication and not
on the date of the consequences. See Ellert v. Lutz, 930 S.W.2d 152, 156 (Tex. App.--Dallas
1996, no writ); Salazar v. Amigos Del Valle, Inc., 754 S.W.2d 410, 412 (Tex. App.--Corpus
Christi 1988, no writ). Lavernia filed this suit in July 1994, more than nine years after the dates
he alleges the defamatory statements and publications were made and published. He does not
allege facts entitling him to a tolling of the statute. Because, based on his allegations, Lavernia's
claims are barred by the statute of limitations, the trial court did not abuse its discretion by
concluding either that his action's chances of success were slight or that his claims had no arguable
basis in law.

 We also find no reversible error in the trial court's refusal to certify a class. It is
not clear whether Lavernia appeals the trial court's refusal to certify a class; his notices of appeal
appear to be filed in his individual capacity and there is no direct reference to the class action in
his brief, but the style still includes a reference to the alleged class. We review a court order
denying class certification using an abuse-of-discretion standard. Forsyth v. Lake LBJ Inv. Corp.,
903 S.W.2d 146, 149 (Tex. App.--Austin 1995, writ dism'd w.o.j.). Having reviewed Lavernia's
allegations, we conclude the trial court did not err by refusing to certify a class; not only are his
claims time-barred, but he failed to allege facts sufficient to render the court's refusal to certify
a class an abuse of discretion. See Tex. R. Civ. P. 42 (class-certification requirements).

 Because Lavernia's suit was time-barred and frivolous, the trial court correctly
overruled his motion seeking summary judgment favoring his claims.

 We overrule appellant's arguments and affirm the judgment.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: January 14, 1999

Do not publish

* Before John E. Powers, Senior Justice, (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



E="8">F. SCOTT McCOWN, JUDGE PRESIDING 







 Carlos Marcos Lavernia appeals the dismissal of his defamation causes of action
brought in July 1994 against Ronald Earle, David Lowery, and Elizabeth Watson. Lavernia
complains that appellees--in their respective roles as prosecutor, managing editor of the
newspaper, and police chief--conspired to defame him during his 1984 criminal trial. The trial
court dismissed the claims as frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West
Supp. 1999). The dismissal implicitly overruled Lavernia's assertion that he represented a class
as well as his motion for summary judgment favoring his claims. We will affirm the dismissal.

 We review a trial court's dismissal of an indigent's suit for an abuse of discretion. 
Bohannan v. Texas Bd. of Criminal Justice, 942 S.W.2d 113, 115 (Tex. App. --Austin 1997, writ
denied). The test for abuse of discretion is whether the trial court acted without reference to any
guiding rules and principles or whether the act was arbitrary and unreasonable. McDaniel v.
Yarbrough, 898 S.W.2d 251, 253 (Tex. 1995); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985); Bohannan, 942 S.W.2d at 115. A court may dismiss an
indigent's action upon a finding that the action is frivolous or malicious. Tex. Civ. Prac. & Rem.
Code Ann. § 13.001(a)(2) (West Supp. 1999). In determining whether the action is frivolous or
malicious, the trial court may consider (1) whether the action's realistic chance of ultimate success
is slight or (2) whether the claim has no arguable basis in law or in fact. Id. at § 13.001(b). We
cannot review for an arguable basis in fact if there was no fact hearing. Morris v. Collins, 916
S.W.2d 527, 528 (Tex. App.--Houston [1st Dist.] 1995, no writ).

 The trial court did not abuse its discretion by concluding that Lavernia's defamation
claims were frivolous. A person must bring a suit for libel or slander not later than one year after
the day a cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.002(a) (West Supp.
1999). A libel or slander claim accrues on the date of the communication or publication and not
on the date of the consequences. See Ellert v. Lutz, 930 S.W.2d 152, 156 (Tex. App.--Dallas
1996, no writ); Salazar v. Amigos Del Valle, Inc., 754 S.W.2d 410, 412 (Tex. App.--Corpus
Christi 1988, no writ). Lavernia filed this suit in July 1994, more than nine years after the dates
he alleges the defamatory statements and publications were made and published. He does not
allege facts entitling him to a tolling of the statute. Because, based on his allegations, Lavernia's
claims are barred by the statute of limitations, the trial court did not abuse its discretion by
concluding either that his action's chances of success were slight or that his claims had no arguable
basis in law.

 We also find no reversible error in the trial court's refusal to certify a class. It is
not clear whether Lavernia appeals the trial court's refusal to certify a class; his notices of appeal
appear to be filed in his individual capacity and there is no direct reference to the class action in
his brief, but the style still includes a reference to the alleged class. We review a court order
denying class certification using