NUMBER 13-04-415-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BENNIE RAY HALE, JR., Appellant,


v.



TDCJ-CID, Appellee.

 


On appeal from the 36th District Court of Bee County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Garza


Memorandum Opinion by Justice Yañez


 

 Appellant, Benny Ray Hale, Jr., a prison inmate, appeals pro se and in forma
pauperis from the dismissal of his claims against the Texas Department of Criminal
Justice- Institutional Division (TDCJ-ID). By a single issue, appellant contends the trial
court erred in dismissing his claims under chapter fourteen of the civil practice and
remedies code. (1) We affirm. 

Standard of Review and Applicable Law

 The proper standard of review for the dismissal of a frivolous claim pursuant to
chapter fourteen is an abuse of discretion. (2) Abuse of discretion is determined by
examining whether the trial court acted without reference to any guiding rules and
principles. (3) 

 Chapter fourteen of the civil practice and remedies code governs inmate litigation. (4) 
A court may dismiss a claim if it finds that the claim is frivolous or malicious. (5) In
determining whether a claim is frivolous or malicious, a court may consider whether the
claim has any arguable basis in law or in fact. (6) 

Background


 Appellant filed suit against TDCJ-ID, contending that he was improperly classified
as a "General Population Level 3" offender. TDCJ-ID filed a motion to dismiss appellant's
suit for failure to comply with the requirements of chapter fourteen of the civil practice and
remedies code governing inmate litigation. (7) TDCJ-ID argued that in addition to failing to
comply with chapter 14 requirements, appellant's suit should be dismissed as frivolous
because (1) his claims are barred by sovereign immunity and (2) he is precluded from
bringing suit under the Administrative Procedure Act (APA) (8) and the Declaratory Judgment
Act (DJA). (9) The trial court granted TDCJ-ID's motion to dismiss appellant's suit because
"his claims have no basis in law or in fact and are therefore frivolous."

Analysis 



 Appellant argues his suit has an arguable basis in law under the APA and the DJA. 
We disagree.

 The APA states that "a person who has exhausted all administrative remedies
available within a state agency and who is aggrieved by a final decision in a contested
case" has a right to judicial review. (10) However, section 2001.226 of the APA specifically
states that the APA "does not apply to a rule or internal procedure of the Texas
Department of Criminal Justice or Texas Board of Criminal Justice that applies to an
inmate. . . ." (11) 

 A court interprets a statute in accordance with the plain meaning of its language,
unless the language is ambiguous or the plain meaning leads to absurd results that the
legislature could not possibly have intended. (12) In conducting this plain meaning inquiry,
we generally presume that every word in a statute has been used for a purpose and that
each word, phrase, clause, and sentence should be given effect if reasonably possible. (13)
A "general population level three" inmate classification is clearly a rule or internal
procedure of the Texas Department of Criminal Justice that applies to an inmate;
accordingly, the APA does not apply to appellant's claim challenging a "general population
level three" inmate classification. 

 Appellant's petition also asserts that the trial court has jurisdiction over his claim
under section 37.004 of the civil practice and remedies code. (14) However, appellant may
not seek to do indirectly what he cannot do directly. (15) 

Conclusion 


 Because appellant's claim failed to present a valid cause of action under either the
APA or DJA, we conclude the trial court did not err in finding that appellant's claims were
frivolous and in dismissing his lawsuit. We overrule appellant's sole issue and affirm the
trial court's judgment dismissing appellant's suit. 

 
 LINDA REYNA YAÑEZ,

 Justice


Memorandum opinion delivered and filed 

this the 10th day of August, 2006.
1. See Tex. Civ. Prac. & Rem. Code Ann. § 14.001-.014 (Vernon 2002).
2. Jackson v. Tex. Dep't of Crim. Justice- Inst. Div., 28 S.W.3d 811, 813 (Tex. App.- 
Corpus Christi 2000, pet. denied).
3. Id. 
4. See Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002).
5. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (a)(2) (Vernon 2002).
6. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (b)(2) (Vernon 2002).
7. See Tex. Civ. Prac. & Rem. Code Ann. § 14.001-.014. 
8. See Tex. Gov't Code Ann. §§ 2001.001-.902 (Vernon 2000 and Vernon Supp. 2005).
9. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (Vernon 1997 and Vernon Supp. 2005).
10. Tex. Gov't Code Ann. § 2001.171 (Vernon 2000).
11. Tex. Gov't Code Ann. § 2001.226 (Vernon 2000); see Bohannon v. TDCJ-ID, 942 S.W.2d 113,
117 (Tex. App.-Austin 1997, no writ) (holding that section 2001.226, which provides that APA does not apply
to rule or internal procedure of Texas Board of Criminal Justice, precludes an inmate's challenge to substance
of a rule or internal procedure of Texas Board of Criminal Justice).
12. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
13. Campbell v. State, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001). 
14. See Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon 1997). 
15. See Bohannon, 942 S.W.2d at 117 (noting appellant inmate may not "sidestep" Administrative
Procedure Act by seeking declaration of rights under Declaratory Judgment Act).