Betty D. BROOKS, Appellant,

v.

CITY OF DALLAS, Appellee.

No. 05–04–01467–CV.

Court of Appeals of Texas, Dallas.

July 27, 2005.

Betty D. Brooks, Dallas, pro se.

Kenneth R. Bennett, Asst. City Atty., Dallas, for Appellee.

Before Justices MORRIS, LANG, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

In this appeal following a dismissal for want of jurisdiction, Betty D. Brooks contends the trial court erred in dismissing her claims against the City of Dallas because the City's sovereign immunity was waived under the Texas Tort Claims Act. The City responds that Brooks failed to preserve any error with respect to the trial court's ruling because she does not provide any legal authority, substantive analysis, or cites to the record in support of her complaints on appeal. The City further argues dismissal of Brooks's claims was proper because her claims were barred by governmental immunity. We affirm the trial court's judgment.

## I.

On May 5, 2004, Betty D. Brooks filed suit against the City of Dallas alleging the City neglected to investigate her citizen's complaints about "over use of sirens, horns, and helicopter fly overs done by the City's protection units." Brooks further alleged the City's negligence "allowed the noise, taunting, and harassment to continue." Brooks claimed she suffered damages as a result of the City's negligence including loss of sleep, sudden fear, fear for her life and health, and loss of mental stability. Brooks specified the amount of her damages as $2,500,000.

The City of Dallas responded to Brooks's claims by filing a general denial and asserting the affirmative defense of governmental immunity. The City later filed a plea to the jurisdiction contending

the Texas Tort Claims Act did not waive the City's governmental immunity from Brooks's claims and, therefore, Brooks failed to invoke the jurisdiction of the trial court. After a hearing on the plea, the trial court signed an order dismissing Brooks's claims for want of jurisdiction. Brooks then brought this appeal challenging the trial court's dismissal.

## II.

■ We first note that, in her brief on appeal, Brooks presents no substantive analysis of the trial court's dismissal and fails to cite any authority to support her broad contentions of error. Bare assertions of error without argument or citations to authority and the record present nothing for us to review. *See Thedford v. Union Oil Co.*, 3 S.W.3d 609, 615 (Tex. App.-Dallas 1999, pet. denied); *Bowles v. Clipp*, 920 S.W.2d 752, 761 (Tex.App.-Dallas 1996, writ denied). Because Brooks failed to adequately support her challenges to the trial court's order, she has failed to present any error for our review.

■ Even assuming Brooks properly presented error for our review, we conclude the trial court correctly dismissed her claims for want of jurisdiction. Brooks generally argues the trial court erred in dismissing her claims because the Texas Tort Claims Act waives the City's sovereign immunity. In making this argument, Brooks, who is representing herself pro se, appears to believe the waiver of immunity found in the Tort Claims Act is absolute and applies to all claims against the government. The waiver provision, however, is much more limited in scope. It states:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (West 2005). Mere reference to the Tort Claims Act in a petition does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court. *Tex. Dept. of Criminal Justice v. Miller* 51 S.W.3d 583, 587 (Tex. 2001). The Tort Claims Act allows suits to be brought against governmental units only in certain, narrowly defined circumstances. *See id.* In determining whether a plaintiff has invoked jurisdiction, we must consider the terms of the Act and the particular facts of the case to determine whether a plaintiff's claim comes within the scope of the waiver of immunity.

We have examined carefully the facts Brooks alleged to support her claims against the City. We conclude she failed to assert any claim that falls within the Tort Claims Act waiver of sovereign immunity. Accordingly, the trial court properly dismissed her claims for want of jurisdiction.

■ Brooks also asserts the trial court "obstructed justice and denied due process of law by granting a dismissal." The record reveals that Brooks received notice of all proceedings in the case and was given an opportunity to be heard. There is no indication the trial court acted in an arbi-

trary or unreasonable manner at any point. As discussed above, the trial court's dismissal of Brooks's claims for want of jurisdiction was proper. We conclude, therefore, that Brooks's assertions of obstruction of justice and denial of due process is without merit.

We affirm the trial court's order of dismissal.