NO. 07-09-00316-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
12, 2010

 



 

WAYNE ERNEST BARKER, APPELLANT

 

v.

 

RICHARD WATHEN AND DANA BUTLER, APPELLEES 



 



 

 FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-547,548; HONORABLE RUBEN GONZALES REYES, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant, Wayne Ernest Barker (Barker), appeals the trial
court’s dismissal of his lawsuit against appellees,
Richard Wathen and Dana Butler (Wathen
and Butler), pursuant to Chapter 14 of the Texas Civil Practices and Remedies
Code.  We affirm.

Factual and Procedural Background

            Barker
is an inmate incarcerated in the Institutional Division of the Texas Department
of Criminal Justice (ID-TDCJ).  On May
20, 2009, Barker filed a petition alleging that he was seeking a judicial
determination of the constitutionality of his placement in what Barker calls
“Administrative Segregation” while an inmate at the Montford
Unit of the ID-TDCJ.  Barker’s petition
was accompanied by a motion to proceed without prepayment of costs that
contained an unsworn declaration of indigence. 


On June 15, 2009, Barker filed
another document that was styled “Objective Facts Premising Section 1983 State
Complaint.”  This document was filed in
the same cause number as the original petition and, as he did with his original
petition, Barker included a motion to proceed without payment of costs and an
unsworn declaration of inability to pay costs. 
The factual basis for the second document appears to be the same conduct
of which Barker complains in his original petition: placement in what he
describes as “Administrative Segregation.” 
Concurrent with the filing of the second document, Barker filed a
document which he designates as an unsworn declaration of compliance with
section 14.005.  See Tex. Civ. Prac.
& Rem. Code Ann. § 14.005 (Vernon 2002).[1]  Additionally, Barker filed a second
accompanying document which purported to be an unsworn declaration of prior suits.  See § 14.004. 

On July 6, 2009, Wathen
and Butler filed an answer that contained a general denial and a motion to
dismiss the case because the claims lacked an arguable basis in law.  See § 14.003(a)(2),
(b)(2).  Wathen
and Butler’s motion also sought to dismiss Barker’s lawsuit for failure to meet
the requirements of sections 14.004, 14.005 and 14.006.  Section 14.004 requires an inmate who files
an affidavit or unsworn declaration of inability to pay costs to also file a
separate affidavit or declaration containing a number of historical statements
regarding the inmate’s history of filing other litigation.  See § 14.004.  Section 14.005 requires the inmate to utilize
the grievance procedure outlined in the Government Code.  See § 14.005(a) (citing Tex. Gov’t Code Ann. § 501.008(d) (Vernon
2004)).  Section
14.006 requires the inmate to provide a copy of his inmate trust account.  See § 14.006(f). 

On July 21, 2009, Barker filed a
supplemental petition which cited some new factual material but still presented
the same basic complaint as was present in the first two filings.  Specifically, Barker continued to complain
about the “Administrative Segregation” rules of the ID-TDCJ.  On July 23, 2009, Barker filed a “reply and
rebuttal” to Wathen and Butler’s motion to
dismiss.  

Without conducting a hearing, the
trial court dismissed Barker’s actions on September 9, 2009, without
prejudice.  The trial court’s order
stated that Barker’s “claims lack an arguable basis in law and are dismissed under
Tex. Civ. Prac. & Rem. Code §
14.003.”  The trial court
additionally found that Barker had failed to comply with sections 14.004,
14.005, and 14.006 of the Texas Civil Practice & Remedies Code.  This appeal followed.  Barker’s brief argues that the trial court
“wrongly dismissed the case as frivolous because of negligence and
misallocation of the reply and rebuttal by the District Clerk.”  Disagreeing with Barker’s allegations, we
affirm the decision of the trial court.

Standard of Review

            As
an appellate court, we review the trial court’s dismissal of inmate litigation
wherein the inmate is proceeding in forma
pauperis under an abuse of discretion
standard.  See Hickson v. Moya,
926 S.W.2d 397, 398 (Tex.App.—Waco 1996, no writ).  A trial court abuses its discretion when it
acts without reference to any guiding rules or legal principles.  See Columbia Rio
Grande Healthcare, L.P. v. Hawley, 284 S.W.3d 852, 856 (Tex. 2009).  

Analysis

            Barker’s
sole issue is that he filed a “rebuttal and reply” to Wathen
and Butler’s answer and motion to dismiss. 
Further, Barker alleges that the trial court was not allowed an
opportunity to review and consider the “reply and rebuttal” due to the
negligence of the District Clerk of Lubbock County.  Barker’s contention is wrong for at least two
reasons.  First, the record clearly
demonstrates that Barker’s “reply and rebuttal” was filed with the District
Clerk on July 29, 2009.  Therefore, the
trial court had the opportunity to review the “reply and rebuttal” before it
issued its order of dismissal without prejudice on September 9, 2009.  Barker has cited us to nothing but his
assertions that the document was not reviewed by the trial court prior to the
dismissal being entered.  Without some
citation to the clerk’s record that would indicate that the document complained
of was not filed as reflected in the record, Barker’s naked assertions present
nothing for review.  See Brooks
v. City of Dallas, 168 S.W.3d 370, 372 (Tex.App.—Dallas
2005,  no pet.)
(citing Thedford
v. Union Oil Co., 3 S.W.3d 609, 615 (Tex.App.—Dallas
1999, pet denied)).

Second, Barker contends that the
“reply and rebuttal” document refutes Whalen and Butler’s reliance on Bohannan v. Texas Department of Criminal Justice,
942 S.W.2d 113, 117 (Tex. App.—Austin 1997, writ denied) (explaining that
section 2001.226 of the Tex. Gov’t.
Code Ann. (Vernon 2008) provides that the Administrative Procedures Act
does not apply to a rule or internal procedure of the Texas Department of
Criminal Justice).  However, Barker cites
no case law to support his position. 
Further, Bohannan is still the
operative law and has not been overruled. 
The trial court followed the existing guiding rules and legal principles
and, therefore, did not abuse its discretion. 
See Columbia Rio Grande Healthcare, 284
S.W.3d at 856. 

Conclusion

            Because
the trial court followed the correct law, it did not abuse its discretion by
dismissing Barker’s lawsuit.  We overrule
his sole issue and affirm the judgment of the trial court.  

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] Further reference to the Texas Civil Practice &
Remedies Code shall be by reference to “section(s) ___” or “§ ____."