NO. 07-09-00316-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 12, 2010

WAYNE ERNEST BARKER, APPELLANT

v.

RICHARD WATHEN AND DANA BUTLER, APPELLEES

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-547,548; HONORABLE RUBEN GONZALES REYES, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Wayne Ernest Barker (Barker), appeals the trial court's dismissal of his lawsuit against appellees, Richard Wathen and Dana Butler (Wathen and Butler), pursuant to Chapter 14 of the Texas Civil Practices and Remedies Code. We affirm.

Factual and Procedural Background

Barker is an inmate incarcerated in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). On May 20, 2009, Barker filed a petition alleging that he was seeking a judicial determination of the constitutionality of his placement in what Barker calls "Administrative Segregation" while an inmate at the

Montford Unit of the ID-TDCJ. Barker's petition was accompanied by a motion to proceed without prepayment of costs that contained an unsworn declaration of indigence.

On June 15, 2009, Barker filed another document that was styled "Objective Facts Premising Section 1983 State Complaint." This document was filed in the same cause number as the original petition and, as he did with his original petition, Barker included a motion to proceed without payment of costs and an unsworn declaration of inability to pay costs. The factual basis for the second document appears to be the same conduct of which Barker complains in his original petition: placement in what he describes as "Administrative Segregation." Concurrent with the filing of the second document, Barker filed a document which he designates as an unsworn declaration of compliance with section 14.005. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (Vernon 2002).[1] Additionally, Barker filed a second accompanying document which purported to be an unsworn declaration of prior suits. See § 14.004.

On July 6, 2009, Wathen and Butler filed an answer that contained a general denial and a motion to dismiss the case because the claims lacked an arguable basis in law. See § 14.003(a)(2), (b)(2). Wathen and Butler's motion also sought to dismiss Barker's lawsuit for failure to meet the requirements of sections 14.004, 14.005 and 14.006. Section 14.004 requires an inmate who files an affidavit or unsworn declaration of inability to pay costs to also file a separate affidavit or declaration containing a number of historical statements regarding the inmate's history of filing other litigation.

---

[1] Further reference to the Texas Civil Practice & Remedies Code shall be by reference to "section(s) ___" or "§ ____."

See § 14.004. Section 14.005 requires the inmate to utilize the grievance procedure outlined in the Government Code. See § 14.005(a) (citing TEX. GOV'T CODE ANN. § 501.008(d) (Vernon 2004)). Section 14.006 requires the inmate to provide a copy of his inmate trust account. See § 14.006(f).

On July 21, 2009, Barker filed a supplemental petition which cited some new factual material but still presented the same basic complaint as was present in the first two filings. Specifically, Barker continued to complain about the "Administrative Segregation" rules of the ID-TDCJ. On July 23, 2009, Barker filed a "reply and rebuttal" to Wathen and Butler's motion to dismiss.

Without conducting a hearing, the trial court dismissed Barker's actions on September 9, 2009, without prejudice. The trial court's order stated that Barker's "claims lack an arguable basis in law and are dismissed under Tex. Civ. Prac. & Rem. Code § 14.003." The trial court additionally found that Barker had failed to comply with sections 14.004, 14.005, and 14.006 of the Texas Civil Practice & Remedies Code. This appeal followed. Barker's brief argues that the trial court "wrongly dismissed the case as frivolous because of negligence and misallocation of the reply and rebuttal by the District Clerk." Disagreeing with Barker's allegations, we affirm the decision of the trial court.

Standard of Review

As an appellate court, we review the trial court's dismissal of inmate litigation wherein the inmate is proceeding *in forma pauperis* under an abuse of discretion standard. See Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App.—Waco 1996, no writ).

3

A trial court abuses its discretion when it acts without reference to any guiding rules or legal principles. See Columbia Rio Grande Healthcare, L.P. v. Hawley, 284 S.W.3d 852, 856 (Tex. 2009).

Analysis

Barker's sole issue is that he filed a "rebuttal and reply" to Wathen and Butler's answer and motion to dismiss. Further, Barker alleges that the trial court was not allowed an opportunity to review and consider the "reply and rebuttal" due to the negligence of the District Clerk of Lubbock County. Barker's contention is wrong for at least two reasons. First, the record clearly demonstrates that Barker's "reply and rebuttal" was filed with the District Clerk on July 29, 2009. Therefore, the trial court had the opportunity to review the "reply and rebuttal" before it issued its order of dismissal without prejudice on September 9, 2009. Barker has cited us to nothing but his assertions that the document was not reviewed by the trial court prior to the dismissal being entered. Without some citation to the clerk's record that would indicate that the document complained of was not filed as reflected in the record, Barker's naked assertions present nothing for review. See Brooks v. City of Dallas, 168 S.W.3d 370, 372 (Tex.App.—Dallas 2005, no pet.) (citing Thedford v. Union Oil Co., 3 S.W.3d 609, 615 (Tex.App.—Dallas 1999, pet denied)).

Second, Barker contends that the "reply and rebuttal" document refutes Whalen and Butler's reliance on Bohannan v. Texas Department of Criminal Justice, 942 S.W.2d 113, 117 (Tex. App.—Austin 1997, writ denied) (explaining that section 2001.226 of the TEX. GOV'T. CODE ANN. (Vernon 2008) provides that the Administrative

4

Procedures Act does not apply to a rule or internal procedure of the Texas Department of Criminal Justice). However, Barker cites no case law to support his position. Further, Bohannan is still the operative law and has not been overruled. The trial court followed the existing guiding rules and legal principles and, therefore, did not abuse its discretion. See Columbia Rio Grande Healthcare, 284 S.W.3d at 856.

Conclusion

Because the trial court followed the correct law, it did not abuse its discretion by dismissing Barker's lawsuit. We overrule his sole issue and affirm the judgment of the trial court.


Mackey K. Hancock
Justice