TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00521-CV






Texas Health and Human Services Commission, Appellant


v.


Anna Lisa Guajardo, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. D-1-GN-09-001080, HONORABLE JON N. WISSER, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 In this interlocutory appeal, the Texas Health and Human Services Commission
challenges the trial court's denial of the Commission's plea to the jurisdiction based upon sovereign
immunity. Appellee Anna Lisa Guajardo brought suit after her employment with the Department
of Aging and Disability Services was terminated for neglect of a resident at a state school. She
challenges the Commission's internal employee grievance procedure in which an administrative law
judge from the appeals division of the Commission sustained the termination of her employment
after a hearing. Because we conclude that sovereign immunity bars Guajardo's claims, we reverse
the trial court's order and dismiss this cause for lack of subject matter jurisdiction.




BACKGROUND


 Guajardo was employed by the Department of Aging and Disability Services at the
Corpus Christi State School. Her employment was terminated for allegedly neglecting a resident by
failing to ensure that the resident could not remove a nasal gastric tube attached to the resident. See
40 Tex. Admin. Code § 7.504 (2008) (Dep't of Aging and Disability Servs., Prohibition and
Definitions of Abuse, Neglect, and Exploitation). During the time that she was supervising the
resident, he allegedly extracted the tube from his stomach by pulling the device out from his stomach
through his nostrils.

 Guajardo initiated a grievance pursuant to chapter 13 of the HHS Human Resources
Manual challenging the termination of her employment. (1) Chapter 13 provides that most full-time,
regular status employees of agencies within the HHS system have the right to file a grievance if they
have disciplinary action taken against them by their agency. The chapter describes the "recourse
employees have when disciplinary actions are taken, the procedures for filing a grievance, and the
grievance process." Pursuant to the procedure set forth in the chapter, properly filed grievances are
referred to an administrative law judge from the Commission's appeals division for a hearing and,
at the hearing, formal rules of evidence do not apply, hearsay evidence may be accepted, and 
section (f) of chapter 13 expressly provides that the decision of the administrative law judge is "final
and binding on the parties."

 Pursuant to the chapter 13 procedure, Guajardo's grievance was referred to a hearing
before an administrative law judge from the appeals division. Guajardo appeared at the hearing and
was represented by counsel. After the hearing, the administrative law judge sustained the
termination of Guajardo's employment. In his order sustaining the termination, the administrative
law judge made findings of fact and conclusions of law. His conclusions of law included that
(i) Guajardo "was negligent in her care of the Resident," (ii) the manual provides that an act of
neglect by an employee "may result in . . . dismissal from employment," (iii) dismissal for neglect
was within the range of disciplinary actions authorized by the rules, see 40 Tex. Admin. Code
§ 7.512 (2008) (Dep't of Aging and Disability Servs., Classifications and Disciplinary Actions), and
(iv) because Guajardo "neglected Resident," that the "facility acted within the scope of the rules
when it terminated [her] employment at the facility."

 Guajardo thereafter filed this suit against the Commission, citing sections 2001.038
and 2001.171 of the government code to support the trial court's jurisdiction. See Tex. Gov't Code
Ann. §§ 2001.038, .171 (West 2008). Although she did not cite the Uniform Declaratory Judgments
Act (UDJA), she sought declarations that (i) hearsay evidence was impermissibly accepted at her
grievance hearing, (ii) she is entitled to appeal the decision pursuant to section 2001.171 or that she
has the right to appeal her decision to Travis County district court, (iii) alternatively, the denial of
appeal in this case violates her right to due process, and (iv) the Commission exercises undue
influence on administrative law judges in disciplinary grievance hearings. See Tex. Civ. Prac.
& Rem. Code Ann. §§ 37.001-.009 (West 2008). Guajardo alleged that employees of state agencies
have a vested property interest in their employment and that a state agency cannot "override" in its
human resources manual the right to judicial review found in section 2001.171. See Tex. Gov't
Code Ann. § 2001.171. She also sought reinstatement and lost wages and an order nullifying the
finding of neglect.

 The Commission answered and filed a plea to the jurisdiction based upon sovereign
immunity. In its plea, the Commission asserted that Guajardo cannot recover money damages from
the Commission, that the administrative procedure act does not provide a jurisdictional basis for
her claims because her claims are expressly excepted under section 2001.222 of the APA,
see id. § 2001.222 (West 2008), and, to the extent Guajardo brought her claims pursuant to the
UDJA, that it does not provide a basis for jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 37.001-.009. The Commission also asserted that, even if Guajardo pleaded a declaratory
judgment action that falls outside the Commission's sovereign immunity from suit, a state entity like
the Commission is not a proper party to such a claim. The Commission filed evidence to support
its plea, including an affidavit from counsel for the Commission with attachments of excerpts from
the HHS Human Resources Manual and the order sustaining Guajardo's termination and an affidavit
from the director of the appeals division with the Commission. The director averred that Guajardo's
disciplinary grievance was processed and the hearing conducted pursuant to the procedure set forth
in chapter 13 of the manual. Guajardo responded to the Commission's plea, and the Commission
filed a reply, further addressing the UDJA as a basis for jurisdiction. (2) 

 After a hearing, the trial court denied the plea. Guajardo thereafter amended her
petition. In her amended petition, she asserts jurisdiction pursuant to sections 2001.038 and
2001.171 of the APA and the UDJA. She alleged substantially similar facts and requested the
same declarations as she requested in her original petition except that she amended
the declaration concerning undue influence on administrative law judges to also include
"illegal influence."  She also deleted her request for "reinstatement and lost wages." A few days
after Guajardo amended her petition, the Commission brought this interlocutory appeal of the trial
court's order denying the Commission's plea to the jurisdiction. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a)(8) (West 2008).




DISCUSSION


 In three issues, the Commission complains that the trial court erred in
denying the plea to the jurisdiction. The Commission contends that (i) section 2001.222 of
the APA bars Guajardo from seeking judicial review of her pleaded claims under the APA,
(ii) section 2001.222, coupled with the State's sovereign immunity to suit, also precludes Guajardo's
claims under the UDJA, and (iii) Guajardo may not maintain a due process claim directly against the
Commission and she cannot replead this claim because the facts affirmatively pleaded by her
demonstrate that she received due process.


Standard of Review


 We review the trial court's ruling on a plea to the jurisdiction de novo. Texas Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is a
dilatory plea that contests the trial court's authority to determine the subject matter of the cause of
action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). When a plea to the
jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts 

to affirmatively demonstrate the trial court's jurisdiction to hear the cause. Miranda, 133 S.W.3d at
226. To make this determination we look to the pleader's intent, construe the pleadings liberally in
favor of jurisdiction, and accept the allegations in the pleadings as true. Id. Where the pleadings do
not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not
affirmatively demonstrate an incurable jurisdictional defect, the issue is one of pleading sufficiency,
and the plaintiff should be given an opportunity to amend. Id. at 226-27. If the pleadings
affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiff an opportunity to amend. Id. at 227.

 In determining a plea to the jurisdiction, the trial court may consider the pleadings
and any evidence pertinent to the jurisdictional inquiry. See Blue, 34 S.W.3d at 555 (noting that a
court deciding a plea to the jurisdiction must look at the evidence when necessary to resolve
jurisdictional issues). If the evidence creates a fact question regarding the jurisdictional issue, then
the trial court correctly denies the plea to the jurisdiction. Miranda, 133 S.W.3d at 227-28. If the
relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the
trial court should rule on the plea to the jurisdiction as a matter of law. Id. at 228.

 We also review issues of statutory construction de novo. City of San Antonio v. City
of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). "In construing statutes, our primary objective is to give
effect to the Legislature's intent as expressed in the statute's language." Galbraith Eng'g
Consultants, Inc. v. Pochucha, 290 S.W.3d 863, 867 (Tex. 2009). We rely on the plain meaning of
the text as expressing legislative intent unless a different meaning is supplied by legislative
definition or is apparent from the context, or the plain meaning leads to absurd results. City of
Rockwall v. Hughes, 246 S.W.3d 621, 625-26 (Tex. 2008).


Does the APA provide a jurisdictional basis for Guajardo's claims?

 In its first issue, the Commission argues that the APA does not provide a
jurisdictional basis for Guajardo's claims because judicial review of the Commission's internal
employee grievance procedures is expressly excluded under section 2001.222 of the APA. See Tex.
Gov't Code Ann. § 2001.222.

 Texas law is well established that absent an express waiver of its sovereign immunity,
the State and its agencies are generally immune from suit. See State v. Shumake, 199 S.W.3d 279,
283 (Tex. 2006); Miranda, 133 S.W.3d at 224; Texas Natural Res. Conservation Comm'n
v. IT-Davy, 74 S.W.3d 849, 855-56 (Tex. 2002). As a general rule, "[t]here is no right to judicial
review of an administrative order unless a statute explicitly provides that right or the order violates
a constitutional right." Houston Mun. Employees Pension Sys. v. Ferrell, 248 S.W.3d 151, 158 (Tex.
2007); see also Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.,
145 S.W.3d 170, 172 (Tex. 2004) ("In Texas, a person may obtain judicial review of an
administrative action only if a statute provides a right to judicial review, or the action adversely
affects a vested property right or otherwise violates a constitutional right." (citation omitted));
General Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 599 (Tex. 2001).

 In her original petition, Guajardo did not assert jurisdiction based upon an enabling
statute of the Commission. She pleaded that the APA--specifically sections 2001.038 and
2001.171--provides a right to judicial review of her claims. See Tex. Gov't Code Ann. §§ 2001.038,
.171. Section 2001.038(a) provides that the "validity or applicability of a rule . . . may be determined 

in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes
with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." 
Id. § 2001.038(a). Section 2001.171 provides: "A person who has exhausted all administrative
remedies available within a state agency and who is aggrieved by a final decision in a contested case
is entitled to judicial review under this chapter." Id. § 2001.171.

 When an "agency's enabling statute neither specifically authorizes nor prohibits
judicial review," the APA may provide an independent right to judicial review from contested case
hearings under section 2001.171, and "section 2001.171 provides a limited waiver of sovereign
immunity." See Mega Child Care, 145 S.W.3d at 173, 198-99. In Mega Child Care, the supreme
court held that the administrative decision to revoke a child-care facility license was subject to
judicial review pursuant to section 2001.171 where the applicable section of the human resources
code governing revocations of child-care facility licenses was "currently silent with regard to the
availability of judicial review." Id. The supreme court, however, also recognized and analyzed the
legislature's express "exceptions" to the APA. Id. at 197; Tex. Gov't Code Ann. §§ 2001.221-.226
(West 2008 & Supp. 2010) (titled "Exceptions"). The enumerated exceptions exclude certain
governmental agencies and particular administrative decisions from all or part of the APA. 
See generally Tex. Gov't Code Ann. §§ 2001.221-.226. By way of example, the supreme court in
Mega Child Care specifically analyzed section 2001.226, concluding that the section excludes from
the scope of the APA "'a rule or internal procedure of the Texas Department of Criminal Justice or
Texas Board of Criminal Justice that applies to an inmate or any other person under the custody or
control of the department or to an action taken under that rule or procedure.'" See 145 S.W.3d at 197
(quoting Tex. Gov't Code Ann. § 2001.226 (West 2008)).

 This Court also has held that section 2001.226 barred judicial review under the APA
of an inmate's rule challenge. See Bohannan v. Texas Board of Criminal Justice, 942 S.W.2d 113,
117 (Tex. App.--Austin 1997, writ denied); see also Harrison v. Texas Dep't of Criminal Justice,
164 S.W.3d 871, 876 (Tex. App.--Corpus Christi 2005, no pet.) (section 2001.226 "expressly bars"
judicial review of inmate's challenge to administrative disciplinary decision). In Bohannan, an
inmate brought an APA declaratory judgment action against the department and board of criminal
justice challenging rules concerning treatment of "good conduct time." 942 S.W.2d at 115, 117. This
Court found that the inmate could not maintain his APA claim because section 2001.226 specifically
excepts from the scope of the APA any "'rule or internal procedure of the Texas Board of Criminal
Justice that applies to any inmate.'" See id. at 117 (quoting Tex. Gov't Code Ann. § 2001.226). This
Court found that this statutory exception "effectively precludes [the inmate]'s challenge to the
substance of the [good conduct time] rule under section 2001.038 and whatever procedural defects
may have occurred under the APA." Id.

 The exception set forth in section 2001.222 is analogous to that in section 2001.226. 
Section 2001.222, titled "State Agency Personnel Rules and Practices," expressly excludes from the
scope of the APA "matters related solely to the internal personnel rules and practices of a state
agency." Tex. Gov't Code Ann. § 2001.222. The administrative rules of the Department of Aging
and Disability Services also are consistent with section 2001.222. Under its rules, a contested case
is defined as "[a] proceeding granted by statute for which procedures are not otherwise provided for
in applicable department rules, including rate making or licensing proceedings, in which the legal
rights, duties, or privileges of a party are to be determined by the department after an opportunity for
an adjudicated hearing, except in matters related solely to the internal personnel policies and
procedures of the department." See 40 Tex. Admin. Code § 1.153(5) (2008) (Dep't of Aging and
Disability Servs., Definitions).

 Guajardo's claims solely challenge the internal procedure provided to Commission
agency employees pursuant to chapter 13 of the HHS Human Resources Manual: She pleaded that
hearsay evidence was improperly accepted at the grievance hearing, that the Commission exercises
undue influence on administrative law judges, and that she has the right to judicial review of the
administrative law judge's decision. The Commission's undisputed evidence shows that the
employee grievance procedure from which Guajardo's claims arise--chapter 13--provides that a
properly filed grievance will be referred to an administrative law judge in the Commission's appeals
division, that hearsay evidence may be admitted at a grievance hearing, and that the administrative
law judge's decision is "final and binding on the parties." Guajardo's claims then fall squarely within
the plain meaning of "matters related solely to the internal personnel rules and practices of a state
agency." See Tex. Gov't Code Ann. § 2001.222; City of Rockwall, 246 S.W.3d at 625-26.

 Because her pleaded claims fall within the plain meaning of section 2001.222, we
conclude that the APA--under either section 2001.171 or 2001.038--does not provide a jurisdictional
basis for her claims. We sustain the Commission's first issue.


Does the UDJA provide a jurisdictional basis for Guajardo's claims?


 In its second issue, the Commission contends that Guajardo cannot circumvent section
2001.222 of the APA by bringing her claims pursuant to the UDJA. Although Guajardo did not
expressly cite the UDJA in her original petition, she sought declaratory relief. See Miranda,
133 S.W.3d at 226 (pleadings construed liberally in favor of jurisdiction). The Commission also
addressed the UDJA in its plea to the jurisdiction. We, therefore, address this additional statutory
basis for jurisdiction.

 The UDJA does not enlarge jurisdiction, and a request for declaratory relief does not
change a suit's underlying nature. See City of El Paso v. Heinrich, 284 S.W.3d 366, 370-71 (Tex.
2009). Further, the UDJA cannot be used to circumvent the State's sovereign immunity to challenge
agency orders from which the legislature has not granted a right of judicial review. Creedmoor-Maha
Water Supply Corp. v. Texas Comm'n on Envtl. Quality, 307 S.W.3d 505, 515 (Tex. App.--Austin
2010, no pet.); see Bohannan, 942 S.W.2d at 117 (section 2001.226 may not be sidestepped by
casting challenge to rule as UDJA claim). Given our conclusion that Guajardo's claims fall within
the plain meaning of "matters related solely to the internal personnel rules and practices of a state
agency" in section 2001.222 of the APA, we conclude that Guajardo may not circumvent this
prohibition by casting her claims as UDJA claims. See Tex. Gov't Code Ann. § 2001.222; Heinrich,
284 S.W.3d at 370-71; Creedmoor-Maha Water Supply Corp., 307 S.W.3d at 515; Bohannan,
942 S.W.2d at 117.

 We also note that Guajardo amended her petition after the trial court's order denying
the Commission's plea to the jurisdiction but before the Commission filed its notice of appeal. In her
amended petition, Guajardo specifically cites the UDJA, but she alleges substantially the same facts
and requested declaratory relief as in her original petition. She also has not asserted any manner in 

which she would replead to cure the jurisdictional defects. She then has already had an opportunity
to amend to cure the jurisdictional defects raised by the Commission's plea. See Texas Tech Univ.
Heath Sciences Ctr. v. Ward, 280 S.W.3d 345, 357 (Tex. App.--Amarillo 2008, pet. denied)
("Practically speaking, [plaintiffs] have already had an opportunity to replead to no avail."; plaintiffs
filed amended petition after hearing on plea to jurisdiction); Wise Reg'l Health Sys. v. Brittain,
268 S.W.3d 799, 811 (Tex. App.--Fort Worth 2008, no pet.) ("But, as a practical matter, [plaintiff]
has already had the opportunity to re-plead. [Plaintiff]'s supplement to her third amended petition
clearly was an attempt to re-plead to cure the jurisdictional defects raised by the plea to the
jurisdiction. Therefore, she does not need, nor is she entitled to, another opportunity to re-plead."). 

 Because we conclude that the UDJA does not provide a jurisdictional basis for
Guajardo's claims and that providing Guajardo with an opportunity to replead would serve no
purpose, we sustain the Commission's second issue.


Did the trial court have jurisdiction to consider Guajardo's due process claims?


 In its third issue, the Commission contends that the trial court did not have jurisdiction
to consider Guajardo's due process claims. The Commission asserts that, to the extent Guajardo's
pleadings include an assertion that the rules and procedures in chapter 13 of the manual violated her
due process rights, no such claim may be brought directly against the Commission and that Guajardo
cannot replead these claims because the facts affirmatively pleaded by Guajardo demonstrate that she
received due process. In her original petition, Guajardo alleged that she participated in the internal
disciplinary grievance procedure set forth in chapter 13 of the HHS Human Resources Manual--that
she "properly initiated a grievance by way of a statement" and "appeared at the hearing in person and
by her attorney"--but that her due process rights were violated when hearsay evidence was admitted
at the hearing before the administrative law judge and because chapter 13's disciplinary grievance
procedure did not provide for judicial review of the administrative law judge's final order.

 Suits to require state officials to comply with statutory or constitutional provisions are
not prohibited by sovereign immunity. Heinrich, 284 S.W.3d at 372. To fall within the ultra vires
exception to sovereign immunity, a suit "must allege, and ultimately prove, that the officer acted
without legal authority or failed to perform a purely ministerial act." Id. (citations omitted). "Thus,
ultra vires suits do not attempt to exert control over the state--they attempt to reassert the control of
the state. Stated another way, these suits do not seek to alter government policy but rather to enforce
existing policy." Id. An ultra vires claim, however, cannot be brought directly against the state
agency but must be brought against the relevant government actor in his official capacity. Id. at 373. 
Because Guajardo brought suit only against the Commission, the trial court did not have jurisdiction
to consider her due process claims. See id.

 And, although Guajardo contends otherwise, her continued public employment is not
a protected property interest. See Haynes v. City of Beaumont, 35 S.W.3d 166, 179-80 (Tex.
App.--Texarkana 2000, no pet.) (existence of grievance procedures alone does not create substantive
property rights or alter an employee's at-will status); Byars v. City of Austin, 910 S.W.2d 520, 524
(Tex. App.--Austin 1995, writ denied) (concluding that city charter and personnel policy manual
outlining grievance procedures did not create protected property interest in continued public
employment); see also County of Dallas v. Wiland, 216 S.W.3d 344, 353-54 (Tex. 2007) (entitlement
to procedure alone does not create protected property interest).

 Moreover, the Commission's undisputed evidence showed that Guajardo participated
and the Commission followed the internal grievance procedure set forth in chapter 13 of the manual. 
Chapter 13 expressly allows the admission of hearsay evidence at a hearing concerning a grievance
by an employee and provides that the decision of the administrative law judge is "final and binding
on the parties." Guajardo further had notice and an opportunity at the hearing to submit evidence and
argument as to why her employment should not have been terminated. Due process does not require
judicial review of the administrative decision or preclude the admission of hearsay evidence in this
context. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due
process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (quoting
Armstrong v. Manzo, 380 U.S. 545, 552 (1965)); Morrissey v. Brewer, 408 U.S. 471, 481 (1972)
(explaining that due process is flexible and requires only those procedural protections demanded by
particular circumstances); State v. Crank, 666 S.W.2d 91, 94 (Tex. 1994) ("[U]ltimate test of due
process of law in an administrative hearing is the presence or absence of rudiments of fair play.");
Burkhalter v. Texas State Bd. of Med. Exam'rs, 918 S.W.2d 1, 3 (Tex. App.--Austin 1996, no writ)
(right to appeal from an administrative order one that may be granted or withheld at the discretion of
the legislature; "Due process does not require judicial review of an administrative decision.").

 We conclude that the facts affirmatively pleaded by Guajardo, coupled with the
Commission's undisputed jurisdictional evidence, negate the existence of the trial court's
jurisdiction to consider her due process claims. Miranda, 133 S.W.3d at 227. We sustain the
Commission's third issue.


CONCLUSION


 Having concluded that sovereign immunity bars Guajardo's claims against the
Commission, we reverse the trial court's order denying the Commission's plea to the jurisdiction and
dismiss this cause for lack of subject matter jurisdiction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Dismissed


Filed: December 14, 2010

1. The Commission has authority over and responsibility for personnel and employment
policies of the Department of Aging and Disability Services, an agency within the HHS system. See
Tex. Gov't Code Ann. §§ 531.001(4)(L), .0055(e)-(f) (West 2004). 
2. Although Guajardo's response to the plea to the jurisdiction is not in the record, according
to the Commission's reply, Guajardo asserted that the UDJA also provided a right to judicial review
of her claims. The record reflects that the trial court was provided with a copy of her response at the
hearing on the Commission's plea to the jurisdiction.