02-11-254-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00254-CV

 

 


 
 
 RICHARD TERRANCE AYERS
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 JENNIFER SMITH, MICHAEL HILL, GLEN WHITFIELD,
 DELORES THORNTON, SCOTTY CRAIGHEAD, TOMMY NORWOOD, AND NATHANIEL QUARTERMAN
 
 
  
 
 
 APPELLEES
 
 


 

----------

FROM THE 89th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Richard Terrance Ayers, an inmate at the Beto Unit of the Texas Department of
Criminal Justice (TDCJ), appeals the trial court’s dismissal of his suit with
prejudice.  He contends in twelve issues that the trial court erred by (1)
dismissing his suit as frivolous under Chapter 14 of the Texas Civil Practice
and Remedies Code, (2) denying his motion for new trial, and (3) denying his
motion to amend his petition.  We reverse and remand.

II.  Factual Background

This
appeal follows Ayers’s suit against several TDCJ employees (collectively, TDCJ)
in which Ayers alleges that the employees have improperly confiscated as
contraband correspondence (both by and to him) that was written on colored
paper.  Johnson also complains that he has been denied the receipt of various
publications under false pretenses and without legitimate penological reasons.  TDCJ
filed motions to dismiss Ayers’s lawsuit as frivolous under Chapter 14 of the
Texas Civil Practice and Remedies Code, contending that Ayers failed to exhaust
his administrative remedies and that his claims are frivolous because TDCJ has
legitimate penological objectives, such as maintaining institutional order and
security, for denying inmates certain items.  The trial court granted
Appellees’ motions to dismiss without conducting a hearing and dismissed
Ayers’s lawsuit with prejudice.  Appellant moved for a new trial, and his
motion was overruled by operation of law.

III.  Standard of Review

Chapter
14 applies to this case and sets forth the procedural requirements an inmate
must satisfy when filing suit in a district court along with an unsworn
declaration of indigency.  Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002, .004
(West Supp. 2012), §§14.005–.006 (West 2002); see also Lilly v.
Northrep, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied).  A
trial court may dismiss an inmate’s claim pursuant to Chapter 14 upon finding
that a lawsuit is malicious or frivolous.  Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003 (West 2002).

In
making this determination, the court may consider whether:

(1) the claim’s
realistic chance of ultimate success is slight;

 

(2) the claim has no
arguable basis in law or in fact;

 

(3) it is clear that
the party cannot prove facts in support of the claim;

or

 

(4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.

Id. §
14.003(b).

We
review a dismissal under Chapter 14 for an abuse of discretion.  Bishop v.
Lawson, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied).  “In
conducting our review, we take as true the allegations in the inmate’s petition
and review the types of relief and causes of action set out therein to
determine whether, as a matter of law, the petition stated a cause of action
that would authorize relief.”  Leachman v. Dretke, 261 S.W.3d 297, 304
(Tex. App.—Fort Worth 2008, no pet.) (op. on reh’g).  “A claim has no arguable
basis in law if it is an indisputably meritless legal theory.”  Id.  A
claim also has no arguable basis in law if the inmate has failed to exhaust his
administrative remedies.  Retzlaff v. Tex. Dep’t of Crim. Justice, 94
S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

When
an inmate’s lawsuit is dismissed as frivolous for having no basis in law or in
fact, but no fact hearing is held, our review focuses on whether the inmate’s
lawsuit has an arguable basis in law.  See Tex. Civ. Prac. & Rem.
Code Ann. § 14.003; Leachman, 261 S.W.3d at 304.

IV.  Analysis

In
twelve issues, Ayers challenges each ground upon which the trial court granted
Appellees’ motions to dismiss and argues that the trial court erred by denying
his motions for new trial and to amend his petition.

A.  Failure to Exhaust Administrative
Remedies

In
his second through sixth issues, Ayers asserts that the trial court abused its
discretion by dismissing his lawsuit for failure to exhaust administrative
remedies.  He argues in his seventh issue that the trial court abused its
discretion by concluding that the grievance system provides the exclusive
administrative remedy for complaints concerning seizures from inmates or the
denial of correspondence.

If
it applies, section 14.005(a) requires an inmate to prove compliance with
grievance procedures before seeking judicial review.  Tex. Civ. Prac. &
Rem. Code Ann. § 14.005(a); see Tex. Gov’t Code Ann. § 501.008(d)
(West 2012); Smith v. Tex. Dep’t of Crim. Justice–Inst’l Div., 33 S.W.3d
338, 341 (Tex. App.—Texarkana 2000, pet. denied).  Section 14.005(a) states
that it applies to claims that are “subject to the grievance system established
under Section 501.008” of the Texas Government Code.  Tex. Civ. Prac. &
Rem. Code Ann. § 14.005(a).  Government code section 501.008(d) prevents
an inmate from filing a claim in state court “regarding operative facts for
which the grievance system provides the exclusive administrative remedy until”
the inmate receives a decision from the highest authority within the grievance
system or the 180th day after the grievance is filed if the inmate has not
received a response from the highest authority within the grievance system. 
Tex. Gov’t Code Ann. § 501.008(d).

TDCJ
argues that Ayers failed to exhaust his administrative remedies through the
prison grievance system because he did not file Step 2 grievances after his
Step 1 grievances were returned to him unprocessed.  However, this
court held just last year that the plain language of “section 14.005 does not
apply to claims that are not grievable.”  Milton v. Quarterman, No.
02-10-00212-CV, 2011 WL 754352, at *2 (Tex. App.—Fort Worth Mar. 3, 2011, pet.
dism’d w.o.j.) (mem. op.) (addressing rejection of publications).  In a second
case, we held that “[c]laims involving the denial of inmate mail are not
grievable because a separate administrative appeal mechanism exists for those
claims via [TDCJ] Board Policy 3.91.” Milton v. Quarterman, No. 02-10-00103-CV,
2011 WL 1532389, at *1 (Tex. App.—Fort Worth Apr. 21, 2011, pet. denied) (per
curiam) (mem. op. on reh’g) (addressing denial of mail); see also Leachman,
261 S.W.3d at 304 (noting that inmate’s attempted grievance of DRC committee
decision to deny mail to inmate was returned to the inmate with the statement
that “[t]he issue presented is not grievable.”).  Therefore, Ayers’s failure to
pursue Step 2 grievances is not a proper ground to dismiss Ayers’s lawsuit, and
we sustain Ayers’s second through seventh issues.[2]

B.  Frivolousness
Determination

Ayers
argues in his first issue that the trial court abused its discretion by
dismissing his lawsuit with prejudice pursuant to civil practice and remedies
code section 14.003(b)(1), which provides that “[i]n determining whether a
claim is frivolous or malicious, the court may consider whether:  (1) the
claim’s realistic chance of ultimate success is slight.”  Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(b)(1).  The supreme court has questioned whether a
suit may be properly dismissed solely for having a slight chance of ultimate
success.    See Johnson v. Lynaugh, 796 S.W.2d 705, 706–07 (Tex. 1990)
(per curiam); see also Brewer v. Simental, 268 S.W.3d 763, 769–70 (Tex.
App.—Waco 2008, pet. denied); Bohannan v. Tex. Bd. of Crim. Justice, 942
S.W.2d 113, 115 (Tex. App.—Austin 1997, writ denied) (per curiam).  “Practically
speaking, the trial court is limited to the issue [of] whether the claim has an
arguable basis in fact or law.”  Bohannan, 942 S.W.2d at 115.  However, because
we must affirm the dismissal of Ayers’s suit if it was proper under any legal
theory, see Hamilton v. Pechacek, 319 S.W.3d 801, 809 (Tex. App.—Fort
Worth 2010, no pet.) (citing Johnson, 796 S.W.2d at 706–07), we will
review the trial court’s dismissal as if it had determined that Ayers’s suit had
no arguable basis in law.[3]  See Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(b)(2); Brewer, 268 S.W.3d at 770.

Ayers
asserts in his petition that prison officials have denied him a long list of
publications and have confiscated correspondence on colored stationery, and he
alleges that the denials and confiscations violate his constitutional rights
because they occurred for pretextual reasons and without legitimate penological
bases.  TDCJ cites the United States Supreme Court’s opinion in Turner v.
Safely, which states that “when a prison regulation impinges on inmates’
constitutional rights, the regulation is valid if it is reasonably related to
legitimate penological interests.”  482 U.S. 78, 89, 107 S. Ct. 2254, 2261
(1987).  TDCJ then attempts to explain why legitimate penological interests
support its denial of publications and confiscation of correspondence on
colored paper.  TDCJ asserts that it may confiscate or refuse to deliver
correspondence on colored stationery because colored stationery can be used as
a type of prison currency and that the concern about prison currency is a
legitimate penological interest.  TDCJ also globally asserts that the
publications were justifiably denied for legitimate penological reasons because
the publications “include depictions of indecency with a child, rape, an image
of a nude child, and instructions in unarmed combat.”[4]
 But TDCJ does not address all publications listed in Ayers’s petition, nor did
it present any evidence to the trial court from which the trial court could
have determined that legitimate penological interests support its denials and
confiscations.

Instead,
TDCJ attempts to convert Ayers’s claims into a general First Amendment
challenge to the TDCJ policies themselves rather than fact-based challenges to
the confiscation or denial of particular items.  But the specific, allegedly
pretextual reason for each confiscation or denial is the thrust of Ayers’s
claims.  For example, he alleges that TDCJ denies him several books “because
they mention a rape” but that the stated bases for the denials are pretextual
since TDCJ allows inmates to read newspapers and to watch television programs
that mention rape.  Thus, Ayers challenges the specific decisions under TDCJ’s
policy, not TDCJ’s policy as a whole.  Indeed, he acknowledges that TDCJ can
deny inmates certain items for legitimate penological interests but argues that
TDCJ’s actions with regard to each individual denial or confiscation constitute
violations of his constitutional rights.

TDCJ
may very well have legitimate penological interests to deny Ayers and other
inmates colored stationery and certain publications.  But TDCJ did not present
evidence of any kind to support the motions to dismiss, and the trial court did
not conduct a hearing on the motions.  Ayers’s pleadings—which we must take as
true in deciding whether his claims have an arguable basis in law—seek a
declaration that TDCJ’s denials and confiscations are pretextual and constitute
violations of his First and Fourteenth Amendment rights, and the trial court
stated in its order granting TDCJ’s motions to dismiss that the defendants did
not violate Ayers’s First and Fourteenth Amendment rights.  But based on
Ayers’s petition and TDCJ’s motions to dismiss, the trial court’s conclusion
could not be made without a supporting evidentiary basis.  See generally
Leachman, 261 S.W.3d at 304 (“When an inmate’s lawsuit is dismissed as
frivolous for having no basis in law or in fact, but no fact hearing is held,
our review focuses on whether the inmate’s lawsuit has an arguable basis in
law.”).  In short, Ayers’s original petition alleged sufficient facts to
prevent a determination that his claims have no arguable basis in law, and the
trial court therefore abused its discretion by granting Appellees’ motions to
dismiss on that basis.

TDCJ
also argues that Ayers’s due process claims have no arguable basis in law
because depriving an inmate of property (such as denying publications and
confiscating colored stationery) is not a constitutional violation without an
adequate post-deprivation remedy.  TDCJ further asserts that government code
section 501.007 authorizes TDCJ to pay an inmate up to $500 on meritorious
property claims, meaning Ayers has an adequate post-deprivation remedy through
the prison grievance system.  We held above, however, that Ayers’s stationery
and publications claims are not subject to the prison grievance system.  In
addition, our sister court has held that “the purpose of [government code] sections
501.007 and 501.008 is to ensure that an inmate proceeding in forma pauperis
has exhausted his administrative remedies before proceeding to file a
claim in state court.”  Spurlock v. Schroedter, 88 S.W.3d 733, 737 (Tex.
App.—Corpus Christi 2002, no pet.) (emphasis added); see Romero v. Vaughn,
No. 04-03-00649-CV, 2004 WL 1195714, at *3 (Tex. App.—San Antonio June 2, 2004,
pet. denied) (mem. op.).  Thus, government code section 501.007 does not bar
Ayers’s due process claims.  We sustain Ayers’s first issue.[5]

V.  Conclusion

Having
sustained Ayers’s first seven issues and having not reached his remaining five
issues, we reverse the trial court’s judgment and remand this case to the trial
court for further proceedings consistent with this opinion.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; GARDNER
and MEIER, JJ.

 

DELIVERED:  August 16, 2012









[1]See Tex. R. App. P. 47.4.





[2]In each Milton
case, we addressed Milton’s compliance with the separate administrative appeal
mechanism, TDCJ Board Policy 3.91, and held that Milton exhausted his
administrative remedies for some of his claims but not others.  Milton,
2011 WL 1532389, at *1–3; Milton, 2011 WL 754352, at *2–3.  TDCJ did not
argue to the trial court and has not argued on appeal that Ayers failed to
comply with Board Policy 3.91.  We thus do not address it.





[3]We do not consider whether
Ayers’s suit had no basis in fact because the trial court did not conduct an
evidentiary hearing before granting TDCJ’s motions to dismiss.  See Leachman,
261 S.W.3d at 304.





[4]According to Ayers’s
petition, the list of denied publications includes, but is not limited to,
Oprah magazine, Biblical Archeological Review, The Rolling Stone, Men’s Fitness
magazine, and fictional novels by Dean Koontz and John Grisham.





[5]In light of our
disposition of Ayers’s first seven issues, we need not address his remaining
issues.  See Tex. R. App. P. 47.1, 47.4.